# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NICHOLE LUGO,   CASE NO.:

    Plaintiff,

v.

LONGWOOD LINCOLN-MERCURY, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, NICHOLE LUGO ("Ms. Lugo" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, LONGWOOD LINCOLN-MERCURY, INC. ("LLM" or "Defendant"), a Florida profit corporation, and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), as they arise under federal law, and the actions giving rise to this lawsuit occurred in Seminole County, Florida.

2. This Court also has supplemental jurisdiction over Plaintiff's claims under the Florida's Private Whistleblower Act ("FWA"), as they arise out of the same operative facts and circumstances as her FLSA claims.

3. Pursuant to the FLSA and the FWA, Plaintiff seeks to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

4. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Seminole County, Florida.

## **PARTIES AND FLSA AND FWA COVERAGE**

5. At all times material hereto, Plaintiff was an adult individual and a resident of Lake County, Florida, who performed services for Defendant in Seminole County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a Florida profit corporation located in Longwood, Seminole County, Florida, and continues to be engaged in business in Seminole County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

10. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA and the FWA.

11. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendant was primarily engaged in the

sale and provision of motor vehicles to buyers in Seminole County, Florida.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

17. At all times material hereto, Defendant employed ten (10) or more persons.

## STATEMENT OF FACTS

18. Plaintiff worked for LLM in Finance & Insurance from March 23, 2020, until her termination on July 10, 2020.

19. LLM lured Plaintiff to work for it via promises of improved pay compared to her prior job, better quality of life, and every other weekend off, along with a competitive bonus structure.

20. During her time with LLM, Ms. Lugo was required to work an average of about sixty-two (62) hours a week, but was never paid any overtime premium when her hours in a given work week exceeded forty (40).

21. Indeed, when Ms. Lugo worked more than forty (40) hours in a given work week, LLM consistently failed to pay her anything at all for those hours

4

worked over forty (40).

22. Ms. Lugo was made to work all day, often seven (7) days per week.

23. LLM paid Ms. Lugo a purported salary of approximately $1,250.00 per week.

24. When Ms. Lugo inquired about a monthly bonus, LLM General Manager Don Kitchens equivocated, stating that he would have to "see how many days [she] missed" and muttering darkly that Ms. Lugo "may not get [her] bonus."

25. On July 10, 2020, Ms. Lugo objected to Mr. Kitchens and to LLM President Randy Parks that LLM's actions, including its failure to pay her any overtime premium when her hours in a given work week exceeded forty (40), violated, *inter alia*, the overtime provisions of the FLSA.

26. Ms. Lugo's objections constituted protected activity under the FLSA and the FWA.

27. Ms. Lugo's objections were to actual violations of, *inter alia*, the overtime provisions of the FLSA.

28. Alternatively, Ms. Lugo's objections were to what Ms. Lugo reasonably believed to be actual violations of, *inter alia*, the overtime provisions of the FLSA.

29. Later that same day, July 10, 2020, Mr. Kitchens informed Ms. Lugo

that LLM had decided to terminate her employment, effective immediately.

30. Notwithstanding LLM's mischaracterization of Plaintiff as an exempt "salaried" employee, Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

31. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

32. Ms. Lugo was not exempt from overtime under the FLSA and should have been paid her full and proper overtime compensation.

33. Ms. Lugo had no authority to hire or fire employees of LLM.

34. Ms. Lugo had no authority to discipline employees of LLM.

35. Ms. Lugo had no authority to determine the schedules to be worked by any employees of LLM, or to change their schedules.

36. Ms. Lugo had no authority to set rates of pay for other employees or agents of LLM.

37. Ms. Lugo had no input into performance reviews of other employees or agents of LLM.

38. All of Plaintiff's major decisions had to be cleared in advance by one of LLM's supervisors.

39. Ms. Lugo was closely monitored by LLM's managers and

supervisors at all times.

40. Plaintiff followed procedures established by LLM and did exactly as she was instructed to do.

41. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

42. Plaintiff regularly worked sixty (60) or more hours per week for Defendant.

43. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

44. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

45. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

46. LLM terminated Ms. Lugo's employment in retaliation for Ms. Lugo's objections to LLM's violations of law.

47. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of her other objections to Defendant's

illegal actions and practices.

48. There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's illegal pay practices, and to Defendant's other violations of law, and her termination shortly thereafter.

49. The actions described hereinabove are indicative of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

50. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

51. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

52. The person or persons to whom Plaintiff voiced her objections to Defendant's violations of law was or were decision-makers in terms of retaliating against Plaintiff by terminating her employment.

53. There is a close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's violations of law and her termination.

54. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

55. Plaintiff has been damaged as a result of Defendant's retaliation and

termination of her employment.

56. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

57. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102 and the FLSA, and qualified Ms. Lugo as a whistleblower under the law.

58. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

59. Plaintiff was terminated in direct retaliation for reporting and objecting to and/or refusing to participate in Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section

448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

60. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

61. Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

    (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

62. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

63. Prior to violating the FLSA, Defendant did not consult with the DOL

to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

64. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

65. Based on the allegations in Paragraphs 62-64, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

66. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

67. Plaintiff reincorporates and re-alleges paragraphs 1 through 16, 18 through 57, and 60 through 66, above, as though fully set forth herein, and further alleges as follows:

68. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

69. During Plaintiff's employment with Defendant, Plaintiff regularly

11

worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

70. Plaintiff was not an exempt employee as defined by the FLSA.

71. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

   a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

      d.      Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

      e.      Award Plaintiff pre-judgment interest; and

      f.      Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

73. Plaintiff reincorporates and re-alleges Paragraphs 1 through 16, 18 through 57, and 60 through 66, above, as though set forth fully herein, and further alleges as follows:

74. On July 10, 2020, Plaintiff objected to Defendant's illegal pay practices and asserted violations of the FLSA.

75. Very shortly thereafter, Defendant illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

76. Plaintiff was terminated for no other reason than her objections to Defendant's illegal pay practices.

77. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and

other monetary and non-monetary losses.

78. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint … under or related to this [Act]." 29 U.S.C. § 215(a)(3).

79. In *EEOC v. White & Son Enter.*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in her favor and against Defendant for her actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

80. Plaintiff reincorporates and re-alleges Paragraphs 2 through 6, 17 through 19, 21, 25 through 30, 43 through 60, and 66, above, as if set forth fully herein, and further alleges as follows:

81. On July 10, 2020, Defendant illegally terminated Plaintiff from her employment in violation of Fla. Stat. § 448.102(3).

82. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

83. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

84. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of May, 2022.

                Respectfully submitted,

                **By: /s/ Noah E. Storch**
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 West State Road 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: noah@floridaovertimelawyer.com
                *Trial Counsel for Plaintiff*